**ALD-106**                                                **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-1249
_____

IN RE:  LOUIS A. HYMAN,
                                                    Petitioner

_____

On a Petition for Writ of Mandamus from the United
States District Court for the District of New Jersey
(Related to D.N.J. Civ. No. 10-cv-05464)
District Judge:  Honorable Garrett E. Brown, Jr.

_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
February 3, 2011

Before:  SCIRICA, HARDIMAN and VANASKIE, Circuit Judges

(Opinion filed February 14, 2011)
_____

OPINION
_____

PER CURIAM

      Louis Hyman, a federal prisoner proceeding pro se, petitions for a writ of

mandamus directing the United States District Court for the District of New Jersey to

adjudicate his petition for a writ of error coram nobis.  For the reasons that follow, we

will deny the mandamus petition.

      In 2003, Hyman pleaded guilty in District Court to conspiracy to obstruct articles

in interstate commerce, conspiracy to obstruct, delay, and affect commerce and the movement of articles and commodities in commerce by robbery, and carrying a firearm in relation to a crime of violence. Hyman was sentenced to an aggregate term of 176 months in prison. He did not file a direct appeal.

Hyman filed a motion to vacate sentence pursuant to 28 U.S.C. § 2255 in District Court, which was denied because it was untimely filed. We denied Hyman's request for a certificate of appealability. Hyman then challenged his sentence under the All Writs Act, 28 U.S.C. § 1651, by filing a petition for a writ of audita querela in District Court. The District Court denied Hyman's petition and we affirmed. After filing another § 2255 motion in District Court without success, on October 22, 2010, Hyman filed a petition for a writ of error coram nobis in District Court, which remains pending.

Hyman now seeks a writ of mandamus directing the District Court to adjudicate his petition. The writ of mandamus traditionally "has been used 'to confine an inferior court to a lawful exercise of its prescribed jurisdiction or to compel it to exercise its authority when it is its duty to do so.'" In re Patenaude, 210 F.3d 135, 140 (3d Cir. 2000) (citations omitted). "The writ is a drastic remedy that 'is seldom issued and its use is discouraged.'" Id. (citations omitted). A petitioner must show that he has no other adequate means to attain the desired relief and that the right to a writ is clear and indisputable. Id. at 141.

Hyman has not made such a showing. Aside from filing his petition for a writ of error coram nobis, Hyman has not filed a motion to expedite a decision on his petition or

sought any other relief in District Court. The District Court docket reflects that Hyman's friend filed a motion in December 2010 requesting the status of Hyman's case. Hyman's friend, however, does not appear to be an attorney and thus is not permitted to file motions on his behalf. See Osei-Afriyie v. Medical College of Pennsylvania, 937 F.2d 876, 882 (3d Cir. 1991) (holding non-attorney parent may not represent interests of child in federal court). Because Hyman has yet to request a decision on his petition in District Court, he has another means to attain his desired relief.

Accordingly, we will deny the petition for a writ of mandamus.